**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

IN RE:

DUSTIN D. HARRIS and AMANDA J.
HARRIS,

              Debtors.

Case No. 25-11822-T
Chapter 7

Filed/Docketed
May 01, 2026

---

JOHN K. FLEBBE,

              Plaintiff,

v.

DUSTIN D. HARRIS and AMANDA J.
HARRIS,

              Defendants.

Adv. No. 25-01025-T

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND**

Before the Court is Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Fed. R. Bankr. P. 7012) (the "Motion"),[1] filed by Dustin D. Harris and Amanda J. Harris ("Defendants"); the Response,[2] filed by John K. Flebbe ("Plaintiff"); and the Reply,[3] filed by Defendants. Defendants seek dismissal of the Amended Complaint,[4] filed by Plaintiff on March 25, 2026.

---

[1] ECF No. 16.
[2] ECF No. 17.
[3] ECF No. 18.
[4] ECF No. 15.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[5] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

**Background**

On December 1, 2025, Plaintiff filed this adversary proceeding to except debts from discharge pursuant to § 523.[6] Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 8, 2026,[7] which the Court denied, granting Plaintiff leave to amend.[8] In its Order Denying Motion to Dismiss Complaint and Granting Leave to Amend, the Court explained Plaintiff's Complaint improperly relied upon "general assertions of nondischargeability without any factual detail to tie the Defendants' alleged actions to the elements of the separate causes of action raised in the Complaint."[9] The Court also noted Plaintiff failed to identify the specific subsections of § 523 that he relied on.[10] The Court granted Plaintiff leave to amend and Plaintiff filed his Amended Complaint on March 25, 2026.[11]

The Amended Complaint, in large part, reiterates the facts of the Original Complaint. It alleges Plaintiff holds a state court judgment against Defendants which is "based on a check from Plaintiff's insurance company payable to Plaintiff to cover certain needed repairs to Plaintiff's

---

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*.
[6] ECF No. 1.
[7] ECF No. 11.
[8] ECF No. 14.
[9] *Id.* at 3-4.
[10] *Id.* at 4.
[11] ECF No. 15.

truck."[12] Plaintiff allegedly engaged Defendants to perform the repairs and Defendants promised they would do so. Plaintiff then "constituted and appointed Defendants 'as [his] true and lawful attorney' to endorse Plaintiff's name to the check to pay for the repairs."[13] This purportedly created a fiduciary relationship between the parties. Defendants then endorsed the check and deposited the funds into an account which Defendants exercised full control and ownership over. The funds, however, were not used to perform the repairs; instead, Plaintiff asserts Defendants used the funds "for their own benefit on something other than the repairs[.]"[14]

Based on these facts, Plaintiff claims Defendants committed defalcation while acting in a fiduciary capacity and embezzlement. Plaintiff asserts that Defendants' actions were done "in bad faith [ ], intentionally or recklessly" and that they had no intention of repairing the truck when they endorsed and deposited the check. Alternatively, Plaintiff alleges Defendants committed fraud when they "represented to Plaintiff, implicitly by the circumstances or explicitly, that they would use the funds for the repairs to Plaintiff's truck[,]" but had no intention of doing so.[15] Therefore, Plaintiff argues, the debt is not dischargeable pursuant to § 523(a)(4).

## Discussion

Defendants filed the Motion pursuant to Rule 12(b)(6), which provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."[16] Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[17] In addition, if a complaint alleges fraud or mistake, "a party must

---

[12] *Id.* at 2.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 3.
[16] Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012.
[17] Fed. R. Civ P. 8, made applicable to this proceeding by Fed. R. Bankr. P. 7008; *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

state with particularity the circumstances constituting fraud or mistake."[18] In other words, a party alleging fraud or mistake must plead facts establishing the "who, what, when, and where" of the alleged fraudulent conduct.[19] Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] While the Court is required to accept all factual allegations as true, the same does not apply to legal conclusions.[21] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[22] A complaint cannot simply assert a legal conclusion that it has a claim for relief, but must also plead facts that are more than consistent with the asserted liability, and that show (as opposed to merely allege) that the pleader is entitled to relief.[23] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[24]

---

[18] Fed. R. Civ. P. 9(b), made applicable to this proceeding by Fed. R. Bankr. P. 7009.

[19] *Fusion Indus., LLC v. Friday (In re Friday)*, No. 24-1076, 2025 WL 892618, at *7 (Bankr. W.D. Okla. Mar. 21, 2025) (quoting *New Century Bank v. Carmell (In re Carmell)*, 424 B.R. 401, 412 (Bankr. N.D. Ill. 2010) ("[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public. That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against.").

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

[21] *Id.* at 678.

[22] *Id.* (citing *Twombly*, 550 U.S. at 555).

[23] *Twombly*, 550 U.S. at 563.

[24] *Robbins*, 519 F.3d at 1247 (citing *Twombly*, 550 U.S. at 555).

*A. The Amended Complaint Violates Federal Rule of Civil Procedure 10(b)*

As an initial matter, Plaintiff once again fails to identify the specific subsections of § 523 upon which he relies, despite the Court's previous order remarking on said failure.[25] The Amended Complaint specifically references § 523(a)(4);[26] however, Plaintiff's Response to Defendants' Motion suggests that Plaintiff also attempts to rely on § 523(a)(2)(A) and (a)(6).[27] The confusion resulting from the continued lack of specificity is compounded by the fact that the haphazard factual allegations are not tied to the distinct elements of each cause of action which Plaintiff is apparently trying to raise. "A complaint that fails to separate causes of action or claims for relief into separate counts is a 'shotgun' pleading violating Rule 10(b), Fed. R. Civ. P."[28] "When testing the complaint's sufficiency, the Court is obligated to scour the pleading for minimal factual content and ignore the complaint's organization, but complaints should not be a jigsaw puzzle where it is up to the reader to determine which allegations support which causes of action."[29]

The allegations in the Amended Complaint violate Rule 10(b). However, Rule 8(a)(2) imposes a liberal pleading standard. Therefore, if the allegations provide a sufficient basis for the claims, "[t]he complaint need not specify the correct legal theory nor point to the right statute to survive a Rule 12(b) motion to dismiss."[30] As such, the Court will disregard Plaintiff's use of

---

[25] *See* ECF No. 14 at 4.

[26] ECF No. 15 at 3.

[27] ECF No. 17 at 2.

[28] *White v. White (In re White)*, No. 20-01061, 2021 WL 450992, at *5 (Bankr. W.D. Okla. Feb. 8, 2021) (citing first *Mayo v. Jackson (In re Jackson)*, No. 20-5030, 2020 WL 7634502, at *4 (Bankr. E.D. Ky. Dec. 18, 2020); and then *Elliott v. Piazza (In re Piazza)*, No. 5-18-ap-00101, 2019 WL 1084203, at *5 (Bankr. M.D. Pa. Mar. 7, 2019)). Rule 10(b) is made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7010.

[29] *Brown v. Smith (In re Smith)*, 489 B.R. 875, 903 (Bankr. M.D. Ga. 2013).

[30] *Whitehead v. AM Int'l*, 860 F. Supp. 1280, 1286 (N.D. Ill. 1994).

shotgun pleading in the Amended Complaint and address the arguments set forth by Defendants in the Motion below.

*B. The Amended Complaint Fails to State a Claim Under § 523(a)(2)(A)*

Exceptions to discharge pursuant to § 523 are to be construed narrowly with any doubts resolved in the debtor's favor.[31] With that in mind, § 523(a)(2)(A) excepts from discharge a debt[32] "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud[.]" To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[33] However, courts have distinguished debts obtained by actual fraud, determining "that '[i]n order to except a debt from discharge on the basis of actual fraud, a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the

---

[31] *See In re Bloom*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *In re Johnson*, 477 B.R. 156, 168 (10th Cir. BAP 2012).

[32] As a preliminary matter, Defendants argue the Amended Complaint is deficient because it impermissibly attempts to "impose personal liability on individual debtors for conduct arising from business operations" without pleading facts "supporting alter ego, veil piercing, or personal diversion of funds." ECF No. 16 at 4. Such is not necessary as Plaintiff's claims, and the factual allegations supporting said claims, are asserted against the individual Defendants, not their business(es). A debt is defined as "liability on a claim[,]" § 101(12), and a claim is defined as a "right to payment, *whether or not such right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" *Id.* § 101(5)(A) (emphasis added). Plaintiff has alleged injury resulting from Defendants' actions for which he may have a right to payment; therefore, Plaintiff has asserted a claim. Contrary to Defendants' contention, Plaintiff sufficiently plead a cognizable debt.

[33] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)); *Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

dispute.'"[34] "'Fraud' in a dischargeability claim means fraud in fact, involving moral turpitude or intentional wrong, and not fraud in law, which may exist without imputation of bad faith."[35] Thus, the debtor must have acted with subjective intent, which may be inferred from the totality of the circumstances.[36]

Defendants argue that the Amended Complaint impermissibly relies on conclusory statements and fails to include critical factual allegations, such as the "who, what, when, and where" of the allegedly fraudulent conduct. The Court agrees with Defendants to the extent that the Amended Complaint remains fatally flawed due to its lack of particularity. Plaintiff claims Defendants made a false representation in that they promised to repair Plaintiff's truck using the funds issued to Plaintiff by the insurance company and made such a promise with no intent to use the money to complete the repairs.[37] However, there are no factual allegations providing certain key details, *i.e.*, the contents of the allegedly false representation, as well as when, where, and by whom the representation was made.[38]

The Court finds the Amended Complaint does not meet the pleading standards of Rules 8(a) or 9(b) and the applicable case law interpreting those Rules. Thus, the Court finds Plaintiff has failed to state a claim pursuant to § 523(a)(2)(A).

*C. The Amended Complaint Fails to State a Claim Under § 523(a)(4)*

Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." To state such a claim for fraud or defalcation while

---

[34] *In re Ward*, 589 B.R. at 428 (quoting *Fifth Third Mortg. Co. v. Kaufman*, 2017 WL 4021230, at *14 (N.D. Ill. July 25, 2017)).

[35] *In re Van De Water*, 180 B.R. 283, 288 (Bankr. D.N.M. 1995) (citation omitted).

[36] *In re Johnson*, 477 B.R. at 169.

[37] ECF No. 15 at 2, 3.

[38] *See, e.g.*, *Chandler v. Sw. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 312 (N.D. Ill. 1995).

acting in a fiduciary capacity, "'a plaintiff must allege that: (1) a fiduciary relationship existed between the debtor and the creditor, and (2) the debt owed to the creditor is attributable to a fraud or defalcation committed by the debtor in the course of the fiduciary relationship.'"[39] The issue of whether a fiduciary relationship existed is a question of federal law, although state law is relevant.[40] It is also important to note that, in the context of dischargeability, "the general definition of fiduciary—a relationship involving confidence, trust and good faith—is too broad[.]"[41] Rather, the fiduciary relationship necessary to satisfy § 523(a)(4) is one that arises from an express or technical trust.[42] Additionally, the trust must be established or imposed prior to the allegedly tortious conduct creating the debt.[43] "The characteristics of an express trust are (1) sufficient words to create a trust; (2) a definite subject; and (3) a certain and ascertained object or res."[44] As such, a mere contractual relationship generally does not establish the fiduciary relationship necessary for § 523(a)(4).[45] However, under certain circumstances, "a power of attorney may create § 523(a)(4) fiduciary status."[46] For instance, the *Burgess* court determined a § 523(a)(4) fiduciary relationship existed where a debtor possessed a general, durable power of attorney which allowed

---

[39] *In re Ward*, 589 B.R. at 429-30 (quoting *In re Burton*, 463 B.R. 142 (Table), 2010 WL 3422584, at *5 (10th Cir. BAP Aug. 31, 2010)).

[40] *In re Van De Water*, 180 B.R. 283, 289 (Bankr. D.N.M. 1995) (citing *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986)).

[41] *Id.* (citing *In re Romero*, 535 F.2d 618, 621 (10th Cir. 1976); *In re Angelle*, 610 F.2d 1335, 1338–39 (5th Cir. 1980)).

[42] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996) ("Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)).

[43] *In re White*, 2021 WL 450992, at *7.

[44] *In re Van De Water*, 180 B.R. at 289 (citing *In re Thornton*, 544 F.2d 1005, 1007 (9th Cir. 1976)).

[45] *In re White*, 2021 WL 450992, at *7 (citing *Pino v. Jensen (In re Jensen)*, No. CO-18-089, 2019 WL 2403105, at *9 (10th Cir. BAP 2019)).

[46] *Cundy v. Woods (In re Woods)*, 284 B.R. 282, 290 (D. Colo. 2001) (citing *In re Mones*, 169 B.R. 246, 257 (Bankr. D.D.C. 1994)); *see In re Van De Water*, 180 B.R. at 289 (citing *In re Burgess*, 106 B.R. 612, 620 (Bankr. D. Neb. 1989); *In re Barwick*, 24 B.R. 703 (Bankr. E.D. Va. 1982)); *Hubanks v. Jouett (In re Jouett)*, 512 B.R. 277, 293 (Bankr. N.D. Okla. 2014).

him complete control over the assets at issue; phrased differently, the agency relationship was fiduciary in nature because the duties and control exercised were tantamount to those of a trustee of an express trust.[47] Moreover, this Court has previously determined that, "[u]nder Oklahoma law, a party acting under a durable power of attorney 'is bound by standards of conduct and liability applicable to other fiduciaries.'"[48]

Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud."[49] Larceny, on the other hand, is "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert [such property] to the taker's use and with intent to permanently deprive the owner of such property."[50] The critical difference between the two "is that with embezzlement, the debtor initially acquires the property lawfully, whereas larceny requires that the funds originally come into the debtor's hands unlawfully."[51] Additionally, the fraudulent intent required to prove embezzlement or larceny differs from that required under § 523(a)(2) in that "the property must generally be appropriated or converted *with the intent*

---

[47] *In re Burgess*, 106 B.R. at 620-21.

[48] *In re Jouett*, 512 B.R. at 293 (quoting Okla. Stat. Tit. 58, § 1081).

[49] *Fire Fighters Credit Union v. Burd (In re Burd)*, No. 16-1037-R, 2017 WL 1191536, at *3 (Bankr. N.D. Okla. Mar. 28, 2017) (quoting *Cousatte v. Lucas (In re Lucas)*, 300 B.R. 526, 531 (10th Cir. BAP 2003)) (quotations omitted).

[50] *Id.* (quoting *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 789 (Bankr. D. Colo. 2002)) (quotations omitted).

[51] *Friday*, 2025 WL 892618, at *11 (citing *Bombardier Capital, Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004); *In re Padilla*, 493 B.R. 248, 252 (Bankr. D. Colo. 2013); *Tilley*, 286 B.R. at 789).

*permanently to deprive*."[52] Furthermore, unlike fraud or defalcation, a plaintiff is not required to provide proof of a fiduciary relationship to allege embezzlement or larceny under § 523(a)(4).[53]

Defendants argue the Amended Complaint fails to state a claim under § 523(a)(4). First, Defendants assert that the alleged relationship between the parties constitutes a general agency relationship, and not a fiduciary relationship for purposes of § 523(a)(4). The Court finds that such a determination at this stage, given the inadequate information provided in the Amended Complaint, would be premature given the case law indicating that possessing a power of attorney may indeed create § 523(a)(4) fiduciary status. Furthermore, for the same reasons articulated above, the Court finds the Amended Complaint does not meet the applicable pleading standards provided by Rules 8(a) and 9(b) required to support a plausible claim for relief under § 523(a)(4). The Amended Complaint fails to state with particularity the necessary details required to sufficiently allege fraudulent activity. Therefore, the Court finds Plaintiff has failed to state a claim pursuant to § 523(a)(4).

*D. The Amended Complaint Fails to State a Claim Under § 523(a)(6)*

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In this context, willfulness "is more akin to intentional torts than negligent or reckless torts or a 'knowing breach of contract.'"[54] There must have been "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that

---

[52] *Chenaille v. Palilla (In re Palilla)*, 493 B.R. 248, 252 (Bankr. D. Colo. 2013) (quoting 2 Charles E. Torcia, Wharton's Criminal Law § 385 (15th ed. 1993)) (emphasis added).

[53] *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988); *Dorado*, 400 B.R. at 309.

[54] *In re Bloom*, 2022 WL 2679049, at *7 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)).

leads to injury."[55] To fulfill the malicious injury element of § 523(a)(6), "the debtor must have 'acted with a culpable state of mind vis-à-vis the actual injury caused the creditor.'"[56] In other words, the action must have been committed wrongfully and without just cause or excuse.[57] However, maliciousness does not require a showing of personal animus. Notably, fraud and embezzlement are both considered intentional torts and thus will support a claim pursuant to section 523(a)(6).[58]

Defendants argue Plaintiff failed to sufficiently allege willfulness and malicious intent and thus failed to state a claim under § 523(a)(6). The Court agrees. Plaintiff failed to provide any allegations supporting, or even suggesting, a claim for willful and malicious injury and thus failed to state a claim pursuant to § 523(a)(6).

*E. Further Amendment is not Futile*

Lastly, Defendants contend the Amended Complaint's remaining deficiencies "demonstrate[] not a pleading defect, but the absence of facts sufficient to support the claims asserted[,]"[59] and that further amendment would be futile. Whether to grant leave to amend is within the Court's discretion.[60] Moreover, "[i]n dismissing a complaint for failure to state a claim, the court should grant leave to amend freely if it appears at all possible that the plaintiff can correct the defect."[61] Despite Plaintiff's continued pleading deficiencies, the Court determines further

---

[55] *Owens v. Yiannos (In re Yiannos)*, 673 B.R. 453, 489 (Bankr. D. Colo. 2025) (quoting *Kawaauhau*, 523 U.S. at 61) (emphasis original and quotations omitted); *Blue Sky Bank v. Sitton (In re Sitton)*, No. 24-1046, 2024 WL 4481704, at *3 (Bankr. W.D. Okla. Oct. 11, 2024) ("The 'willful' element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient.").

[56] *Id.* (quoting *In re Smith*, 618 B.R. 901, 919 (10th Cir. BAP 2020)).

[57] *Id.*

[58] *Groom v. Krook (In re Krook)*, 615 B.R. 479, 487 (Bankr. N.D. Ill. 2020).

[59] ECF No. 16.

[60] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[61] *Triplett v. LeFlore Cnty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983).

amendment is not futile given the existence of plausible claims which can be reasonably inferred from the entirety of Plaintiff's Amended Complaint. As such, Plaintiff will be given leave to amend his Amended Complaint to sufficiently plead causes of action under § 523(a).

## Conclusion

Plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated above, Defendants' Motion to Dismiss Amended Complaint shall be denied. Plaintiff will be given fourteen (14) days to file a second amended complaint.

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Fed. R. Bankr. P. 7012), filed by Dustin D. Harris and Amanda J. Harris, Defendants herein, at ECF No. 16, is hereby DENIED.

IT IS FURTHER ORDERED that, **on or before May 15, 2026**, Plaintiff shall file a second amended complaint setting forth the relief he seeks in compliance with the Federal Rules of Bankruptcy Procedure.

IT IS FURTHER ORDERED that, in the absence of the timely filing of an amended complaint, the Court shall enter an order dismissing this adversary proceeding by separate order.

DATED this 1st day of May, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY