**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

IN RE:

DUSTIN D. HARRIS and AMANDA J.
HARRIS,

                Debtors.

Case No. 25-11822-T
Chapter 7

JOHN K. FLEBBE,

                Plaintiff,

v.

DUSTIN D. HARRIS and AMANDA J.
HARRIS,

                Defendants.

Adv. No. 25-01025-T

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Before the Court is Defendants' Motion to Dismiss Second Amended Complaint Pursuant

to Fed. R. Civ. P. 12(b)(6) & (Fed. R. Bankr. P. 7012) (the "Motion"),[1] filed by Dustin D. Harris

and Amanda J. Harris ("Defendants"); the Response,[2] filed by John K. Flebbe ("Plaintiff"); and

the Reply,[3] filed by Defendants. Defendants seek dismissal of the Second Amended Complaint,[4]

filed by Plaintiff on May 14, 2026.

---

[1] ECF No. 21.
[2] ECF No. 22.
[3] ECF No. 23.
[4] ECF No. 20.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[5] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

## Background

On December 1, 2025, Plaintiff filed this adversary proceeding to except debts from discharge pursuant to § 523.[6] Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 8, 2026,[7] which the Court denied and granted Plaintiff leave to amend.[8] Plaintiff then filed his Amended Complaint on March 25, 2026.[9] Defendants attacked the sufficiency of Plaintiff's Amended Complaint by filing a second motion to dismiss, which the Court denied.[10] The Court also allowed Plaintiff a second chance to amend his complaint, which he did on May 14, 2026.[11]

The Second Amended Complaint alleges that Plaintiff holds a state court judgment against Defendants[12] which is "based primarily upon a check from Plaintiff's insurance company payable to Plaintiff . . . to cover certain needed repairs to Plaintiff's truck."[13] On June 13, 2023, at Defendants' repair facility in Sand Springs, Oklahoma, Plaintiff allegedly engaged Defendants to

---

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

[6] ECF No. 1.

[7] ECF No. 11.

[8] ECF No. 14.

[9] ECF No. 15.

[10] ECF Nos. 16, 17, 18, 19.

[11] ECF No. 20.

[12] The Second Amended Complaint alleges Defendants, at all relevant times, were doing business as both Harris Collision, LLC and Sand Springs Collison Repair. *See* ECF No. 20 at 2.

[13] ECF No. 20 at 2.

perform the repairs and Defendants promised they would do so. Plaintiff relied on Defendants' promise to perform the repairs because he had "used [the same] facility before for body work[.]"[14] In executing a Repair Authorization Form, Plaintiff "constituted and appointed Defendants 'as [his] true and lawful attorney' to endorse Plaintiff's name to the check to pay for the repairs[.]"[15] This allegedly created a fiduciary relationship between the parties. Furthermore, per Defendants' signing of the Repair Authorization Form, Defendants "explicitly and/or implicitly agree[d] to use the money for the repairs[.]"[16] In August 2023, Defendants endorsed the check and deposited the funds into an account which Defendants exercised full control and ownership over. Defendants then allegedly used the funds "for their own benefit on something other than the repairs[.]"[17] Defendants did not complete the repairs, nor did they return Plaintiff's truck until he "executed on [the state court] judgment and the sheriff confiscated the truck and parts from Defendants."[18]

Based on these facts, Plaintiff claims Defendants committed fraud and defalcation while acting in a fiduciary capacity. Plaintiff also argues Defendants committed embezzlement or, in the alternative, larceny. Plaintiff asserts Defendants never intended to use the money for repairs, and thus "falsely represent[ed] to Plaintiff both that the money was to repair the truck and that they would repair it."[19] These actions, according to Plaintiff, were "morally corrupt" and done deliberately and with wrongful intent. Therefore, Plaintiff argues, the debt is not dischargeable pursuant to § 523(a)(2)(A), (a)(4), and (a)(6).

---

[14] *Id.* at 6.
[15] *Id.* at 2.
[16] *Id.* at 3.
[17] *Id.*
[18] ECF No. 20 at 3.
[19] *Id.* at 4.

**Discussion**

Defendants filed the Motion pursuant to Rule 12(b)(6), which provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."[20] Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[21] In addition, if a complaint alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake."[22] Thus, a party alleging fraud or mistake must plead facts establishing the "who, what, when, and where" of the allegedly fraudulent conduct.[23] Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] While the Court is required to accept all factual allegations as true, the same does not apply to legal conclusions.[25] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[26] A complaint cannot simply assert a legal conclusion that it has a claim for relief, but must also plead facts that are more than consistent with the asserted liability, and that show (as

---

[20] Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012.

[21] Fed. R. Civ P. 8, made applicable to this proceeding by Fed. R. Bankr. P. 7008; *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

[22] Fed. R. Civ. P. 9(b), made applicable to this proceeding by Fed. R. Bankr. P. 7009.

[23] *Fusion Indus., LLC v. Friday (In re Friday)*, No. 24-1076, 2025 WL 892618, at *7 (Bankr. W.D. Okla. Mar. 21, 2025) (quoting *New Century Bank v. Carmell (In re Carmell)*, 424 B.R. 401, 412 (Bankr. N.D. Ill. 2010) ("[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public. That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against.").

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

[25] *Id.* at 678.

[26] *Id.* (citing *Twombly*, 550 U.S. at 555).

opposed to merely allege) that the pleader is entitled to relief.[27] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[28]

A. *Section 523(a)(2)(A): False Pretenses, False Representation, or Actual Fraud*

Exceptions to discharge pursuant to § 523 are to be construed narrowly with any doubts resolved in the debtor's favor.[29] Section 523(a)(2)(A) excepts from discharge a debt[30] "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— false pretenses, a false representation, or actual fraud[.]" Thus, a claim pursuant to § 523(a)(2)(A) may rest on any of the three aforementioned types of fraud, each of which must be analyzed separately depending on the facts of the specific case.[31] However, each type of fraud must involve "moral turpitude or intentional wrong, and does not extend to fraud implied in law which may arise

---

[27] *Twombly*, 550 U.S. at 563.

[28] *Robbins*, 519 F.3d at 1247 (citing *Twombly*, 550 U.S. at 555).

[29] *See Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012).

[30] Defendants once again argue the Second Amended Complaint is deficient because it impermissibly attempts to impose personal liability on the individual Defendants even though Plaintiff's money was deposited in an account associated with a non-party business entity. ECF No. 21 at 6. The Court previously addressed a similar version of this argument. *See* ECF No. 19 at 6 n.32. To reiterate, Plaintiff's claims are asserted against the individual Defendants, not their business. A debt is defined as "liability on a claim[,]" § 101(12), and a claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" *Id.* § 101(5)(A). Plaintiff has alleged injury resulting from Defendants' actions for which he may have a right to payment; therefore, Plaintiff has asserted a claim and sufficiently plead a cognizable debt.

[31] *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("It is therefore sensible to start with the presumption that Congress did not intend 'actual fraud' to mean the same thing as 'a false representation[.]'").

in the absence of bad faith or immorality."[32] In other words, the debtor must have acted with subjective intent to deceive.[33]

A false representation is an explicit, definable statement resulting in a misrepresentation.[34] A false pretense, on the other hand, is an implied misrepresentation, which includes a material omission or conduct intended to create and foster a false impression.[35] To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[36]

Defendants argue that the Second Amended Complaint lacks the particularity required by Rule 9(b). Regarding the alleged representation, Defendants complain that the Second Amended Complaint "does not identify what was said, who made the statement, when it was made, or how it was communicated."[37] The Court disagrees with Defendants' overall assessment. Plaintiff alleges Defendants, acting together, made either a false representation by promising to repair Plaintiff's truck using the funds issued to Plaintiff by the insurance company or falsely implied as much. Moreover, Plaintiff asserts Defendants made such a promise or implication knowing that

---

[32] *In re Van De Water*, 180 B.R. 283, 288 (Bankr. D.N.M. 1995) (citation omitted); *see also Ritz*, 578 U.S. at 360.

[33] *In re Johnson*, 477 B.R. at 169; *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024).

[34] *Argento v. Cahill (In re Cahill)*, No. 15-72418, 2017 WL 713565, at *6 (Bankr. E.D.N.Y. Feb. 22, 2017).

[35] *William W. Barney, M.D. P.C. Ret. Fund v. Perkins (In re Perkins)*, 298 B.R. 778, 788 (Bankr. D. Utah 2003).

[36] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)). *See Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

[37] ECF No. 21 at 5.

they did not intend to use the money to complete the repairs.[38] Plaintiff also included specific allegations as to when and where the representation was made. In an ideal world, the Second Amended Complaint would identify the particulars of what exactly was said, such as what repairs would be made and when they would be completed, as well as which Defendant made such statements. However, "the who, what, when, and where aspects of the fraud need not be related with exact details in the complaint" if a basic outline of fraud is alleged so as to alert Defendants to the underlying facts supporting Plaintiff's claims.[39] Defendants also assert that Plaintiff "fails to plead reliance in a way that connects any specific representation to any specific action."[40] The Second Amended Complaint states that Plaintiff justifiably relied on Defendants' representation *to perform the repairs as promised* due to his previous dealings with what Plaintiff thought was the same business. Because of this reliance, Plaintiff paid Defendants funds which were not used for their intended purpose.

Therefore, the Court finds the Second Amended Complaint meets the pleading standards of Rules 8(a) and 9(b) and the applicable case law interpreting said Rules. Thus, the Court finds Plaintiff has stated a claim pursuant to § 523(a)(2)(A).

B.  *Section 523(a)(4): Fraud or Defalcation While Acting in a Fiduciary Capacity*

Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." To state such a claim for fraud or defalcation while acting in a fiduciary capacity, "'a plaintiff must allege that: (1) a fiduciary relationship existed between the debtor and the creditor, and (2) the debt owed to the creditor is attributable to a fraud

---

[38] ECF No. 20 at 2, 3.
[39] *In re Friday*, 2025 WL 892618, at *7 (quoting *In re Carmell*, 424 B.R. at 412).
[40] ECF No. 21 at 5.

7

or defalcation committed by the debtor in the course of the fiduciary relationship.'"[41] The issue of whether a fiduciary relationship existed is a question of federal law, although state law is relevant.[42] The fiduciary relationship necessary to satisfy the first element is one that arises from an express or technical trust established or imposed prior to the allegedly tortious conduct creating the debt.[43] As stated in the Court's previous order, "a power of attorney may create § 523(a)(4) fiduciary status" under certain circumstances.[44] Such a determination is typically fact-specific and usually requires further factual development; as such, it would be inappropriate to make a determination as to whether the power of attorney alleged here created a fiduciary relationship for purposes of § 523.[45]

As to the second element, fraud is defined as "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong . . . and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality."[46] Defalcation, on the other hand, does not require a showing of bad faith, moral turpitude, or immoral conduct; instead, it requires a finding

---

[41] *In re Ward*, 589 B.R. at 429-30 (quoting *In re Burton*, 463 B.R. 142 (Table), 2010 WL 3422584, at *5 (10th Cir. BAP Aug. 31, 2010)).

[42] *In re Van De Water*, 180 B.R. at 289 (citing *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986)).

[43] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996) ("Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)); *White v. White (In re White)*, No. 20-01061, 2021 WL 450992, at *7 (Bankr. W.D. Okla. Feb. 8, 2021).

[44] *Cundy v. Woods (In re Woods)*, 284 B.R. 282, 290 (D. Colo. 2001) (citing *Jacobs v. Mones (In re Mones)*, 169 B.R. 246, 257 (Bankr. D.D.C. 1994)); *see In re Van De Water*, 180 B.R. at 289 (citing *In re Burgess*, 106 B.R. 612, 620 (Bankr. D. Neb. 1989); *In re Barwick*, 24 B.R. 703 (Bankr. E.D. Va. 1982)); *Hubanks v. Jouett (In re Jouett)*, 512 B.R. 277, 293 (Bankr. N.D. Okla. 2014).

[45] *See Brown Media Corp. v. K&L Gates, LLP*, 586 B.R. 508, 524 (E.D.N.Y. 2018) (citation omitted) (explaining that whether a fiduciary relationship exists is "'necessarily [a] fact specific' inquiry . . . which is typically unsuited for a motion to dismiss."); *In re Mones*, 169 B.R. at 257 (stating that the determination of whether a power of attorney created a fiduciary relationship for purposes of § 523(a)(4) should be an issue for trial and not a motion to dismiss).

[46] *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273 (2013).

"that the debtor acted with wrongful intent, or, at a minimum, with a conscious disregard of his or her fiduciary duties."[47]

Defendants again argue the Second Amended Complaint fails to state a claim under § 523(a)(4), claiming that Plaintiff failed to sufficiently allege a fiduciary relationship. As stated previously, the Court finds that the determination as to whether the Repair Authorization Form created a fiduciary relationship at this stage would be premature given the case law suggesting that a power of attorney may indeed create § 523(a)(4) fiduciary status. Furthermore, for the same reasons articulated above, the Court finds Plaintiff has alleged facts sufficient to support a finding of fraud or defalcation. Thus, the Second Amended Complaint meets the applicable pleading standards provided by Rules 8(a) and 9(b) required to support a plausible claim for relief for fraud or defalcation while acting in a fiduciary capacity.

   C.  *Section 523(a)(4): Embezzlement or Larceny*

Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud."[48] Larceny, on the other hand, is "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert [such property] to the taker's use and with intent to

---

[47] *Okla. DHS Child Support Servs. v. Bryan (In re Bryan)*, 612 B.R. 618, 627 (Bankr. N.D. Okla. 2020) (quoting *Jantz v. Karch (In re Karch)*, 499 B.R. 903, 906 (10th Cir. BAP 2013)); *see Bullock*, 569 U.S. at 273-74 ("Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty.").

[48] *Fire Fighters Credit Union v. Burd (In re Burd)*, No. 16-1037-R, 2017 WL 1191536, at *3 (Bankr. N.D. Okla. Mar. 28, 2017) (quoting *Cousatte v. Lucas (In re Lucas)*, 300 B.R. 526, 531 (10th Cir. BAP 2003)) (quotations omitted).

permanently deprive the owner of such property."[49] The critical difference between the two "is that with embezzlement, the debtor initially acquires the property lawfully, whereas larceny requires that the funds originally come into the debtor's hands unlawfully."[50] Additionally, the fraudulent intent required to prove embezzlement or larceny differs from that required under § 523(a)(2) in that "the property must generally be appropriated or converted *with the intent permanently to deprive.*"[51] Furthermore, unlike fraud or defalcation, a plaintiff is not required to provide proof of a fiduciary relationship to allege embezzlement or larceny under § 523(a)(4).[52]

Defendants assert that Plaintiff failed to sufficiently allege embezzlement or larceny because the Second Amended Complaint "does not identify what was done with the funds, how the funds were allegedly misappropriated, or what specific act constitutes a wrongful taking."[53] Plaintiff's factual allegations assert that Defendants promised to repair his truck to induce Plaintiff to pay them but that Defendants never intended to perform said repairs. The money which was earmarked for repairs was not used for such and it is reasonable to infer that Defendants used the money for their own purposes given that it was also never returned to Plaintiff. "'Using access that has been granted to funds to misappropriate those funds constitutes embezzlement.'"[54] Furthermore, Defendants fail to point to any authority supporting their argument that Plaintiff must

---

[49] *Id.* (quoting *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 789 (Bankr. D. Colo. 2002)) (quotations omitted).

[50] *Friday*, 2025 WL 892618, at *11 (citing *Bombardier Cap., Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004); *In re Padilla*, 493 B.R. 248, 252 (Bankr. D. Colo. 2013); *Tilley*, 286 B.R. at 789).

[51] *Chenaille v. Palilla (In re Palilla)*, 493 B.R. 248, 252 (Bankr. D. Colo. 2013) (quoting 2 Charles E. Torcia, Wharton's Criminal Law § 385 (15th ed. 1993)) (emphasis added).

[52] *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988); *Hernandez v. Dorado (In re Dorado)*, 400 B.R. 304, 309 (Bankr. D.N.M. 2008).

[53] ECF No. 21 at 4.

[54] *Groom v. Krook (In re Krook)*, 615 B.R. 479, 486 (Bankr. N.D. Ill. 2020) (quoting *Kontos v. Manevska (In re Manevska)*, 587 B.R. 517, 534 (Bankr. N.D. Ill. 2018)).

allege facts as to how the funds were ultimately used. Therefore, this Court finds Plaintiff has successfully stated a claim for embezzlement pursuant to § 523(a)(4).

However, Plaintiff has not alleged sufficient facts supporting his claim for larceny. As discussed above, "[t]he primary difference between larceny and embezzlement involves the initial taking of the property. For larceny, the taking must be unlawful."[55] According to the Second Amended Complaint, Plaintiff willingly gave his money to Defendants for a specified purpose. Thus, Plaintiff alleged that Defendants gained possession of his money lawfully. Therefore, Plaintiff failed to provide any allegations supporting a claim for larceny pursuant to § 523(a)(4).

*D. Section § 523(a)(6): Willful and Malicious Injury*

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In this context, willfulness "is more akin to intentional torts than negligent or reckless torts or a 'knowing breach of contract.'"[56] There must have been "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[57] "This description generally encompasses intentional torts, which require the actor intend the consequences of his act and not simply the act itself."[58] To be malicious, "the debtor must have 'acted with a culpable state of mind vis-à-vis the actual injury caused the

---

[55] *Lewis v. Spivey (In re Spivey)*, 440 B.R. 539, 544 n.1 (Bankr. W.D. Ark. 2010) (citing 4 Collier on Bankruptcy ¶ 523.10[2], at 523-77 (16th ed.)).

[56] *In re Bloom*, 2022 WL 2679049, at *7 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)).

[57] *Owens v. Yiannos (In re Yiannos)*, 673 B.R. 453, 489 (Bankr. D. Colo. 2025) (quoting *Kawaauhau*, 523 U.S. at 61) (emphasis original and quotations omitted); *Blue Sky Bank v. Sitton (In re Sitton)*, No. 24-1046, 2024 WL 4481704, at *3 (Bankr. W.D. Okla. Oct. 11, 2024) ("The 'willful' element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient.").

[58] *Myers Operations, Inc. v. Noles (In re Noles)*, No. 22-01058, 2023 WL 2636311, at *11 (Bankr. W.D. Okla. Mar. 24, 2023) (citing *In re Smith*, 618 B.R. 901, 912 (10th Cir. BAP 2020)).

11

creditor.'"[59] In other words, the debtor's actions must have been intentional, wrongful, and done without justification or excuse.[60]

Defendants contend that Plaintiff's § 523(a)(6) claim is subject to dismissal for failing to plead facts showing a deliberate or intentional injury. However, taking the factual allegations as true, as the Court is required to do at this stage, Defendants' actions were intentional in that they deliberately induced Plaintiff into giving them funds under false pretenses. Moreover, it is not unreasonable to infer Defendants knew with substantial certainty that such actions would result in injury to Plaintiff and that they took said action without justification or excuse. Thus, the Court finds the Second Amended Complaint sufficiently pleads a plausible claim pursuant to § 523(a)(6).

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) & (Fed. R. Bankr. P. 7012), filed by Dustin D. Harris and Amanda J. Harris, Defendants herein, at ECF No. 21, is hereby GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED Defendants' Motion to Dismiss is hereby GRANTED IN PART as to Plaintiff's claim for larceny pursuant to § 523(a)(4).

IT IS FURTHER ORDERED Defendants' Motion to Dismiss is hereby DENIED as to Plaintiff's claims for embezzlement pursuant to § 523(a)(4); fraud or defalcation while acting in a fiduciary capacity pursuant to § 523(a)(4); false pretenses, false representation, or actual fraud pursuant to § 523(a)(2)(A); and willful and malicious injury pursuant to § 523(a)(6).

---

[59] *In re Yiannos*, 673 B.R. at 489 (quoting *In re Smith*, 618 B.R. at 919).
[60] *Gerlich v. Barwick (In re Barwick)*, No. 19-01060, 2021 WL 839079, at *5 (Bankr. W.D. Okla. Mar. 4, 2021) (citing *Bertone v. Wormington (In re Wormington)*, 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016)).

IT IS FURTHER ORDERED that, **on or before Tuesday, June 30, 2026**, Defendants shall file an answer to the Second Amended Complaint.

DATED this 16th day of June, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY

13